## UNITED STATES

### v.

**Specialist Four E–4 Joe D. MOTE, 261–21–2901, U. S. Army, 555th Military Police Company, 240th Quartermaster Battalion, Fort Lee, Virginia 23801.**

### SPCM 11934.

U. S. Army Court of Military Review.

Sentence Adjudged 4 Dec. 1975.

Decided 21 June 1976.

Appellate Counsel for the Accused: CPT Stephen D. Halfhill, JAGC; CPT Lawrence E. Wzorek, JAGC; MAJ Richard J. Goddard, JAGC.

Appellate Counsel for the United States: CPT Dale L. Anderson, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

O'DONNELL, Judge:

Following his pleas of guilty to two specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, the appellant was sentenced to

be discharged from the Army with a bad-conduct discharge, to be confined at hard labor for two months, to be reduced to the lowest enlisted grade, and to pay a fine of $617.00. The convening authority approved the sentence, suspended the execution of the punitive discharge and ordered the remainder into execution.

The appellant contends that the convening authority in his action improperly ordered the fine into execution. The Government agrees and invites us to cure the "error." We decline the invitation.

Although it is difficult to follow the appellant's rationale, he appears to be saying that because fines, unlike forfeitures, may not be applied on the date of the convening authority's action, they may not be ordered executed at that time either.[1] As both parties appear to be laboring under a misconception as to the principles relating to the effective date of court-martial sentences, a brief discussion in this area is indicated.

The effective date of a court-martial sentence varies depending on the nature and the severity of the sentence. Generally, a sentence becomes effective when it is ordered executed. Article 57(c), UCMJ. Different rules, however, apply to a sentence to confinement and one to forfeitures. Confinement begins to run on the date the sentence is adjudged by the court-martial. Article 57(b), UCMJ. A forfeiture may apply to pay or allowances becoming due on or after the date of the convening authority's action. If the convening authority approves a sentence which includes confinement, not suspended or deferred, and forfeitures, he may apply the forfeitures to pay or allowances becoming due on or after the date of his action, even though he may not order the forfeitures executed at that

1. The appellant's argument *in toto* follows:

"Unlike a sentence to forfeitures, which deprives an accused to [sic] pay and, in appropriate cases, allowances as they accrue, a fine is in the nature of a debt to the Government. Paragraph 126*h* (3), *Manual for Courts-Martial,* United States, 1969 (Revised edition). Therefore, since a fine becomes effective only when the sentence is ordered executed, the convening authority's action which purported to execute the fine on or after the date of the action was erroneous."

time. Article 57(a), UCMJ.[2] Fines, unlike forfeitures, may not be applied on the date of the convening authority's action. But if the convening authority in his action orders the sentence, including fines, into execution, the effective date of the fine is the date of the action.

The confusion in this area appears to arise from a failure to consider the effect of Article 71 of the Code. Article 71(c) provides that no "sentence which includes, *unsuspended*, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed" until completion of appellate review. (Emphasis added). If the operative elements of Article 71(c) are suspended, the convening authority may order the unsuspended portions into execution without awaiting completion of appellate review. Article 71(d), UCMJ. *See United States v. Watkins*, 2 U.S.C.M.A. 297, 8 C.M.R. 87 (1953). In such a situation there is no question of applying forfeitures. If they are not suspended, they are ordered executed.

In the instant case, as the convening authority suspended the execution of the punitive discharge and as the confinement portion of the sentence was less than one year, he properly ordered the remainder of the sentence, including that part adjudging a fine, into execution. The effective date of the fine was the date of the convening authority's action. Article 57(c), UCMJ.

 Although we find no legal error in the action of the convening authority, we do not believe that a fine is appropriate in this case in view of the appellant's financial condition, the action of the convening authority in suspending the execution of the discharge, and the fact that all of the stolen property was returned. Accordingly, the Court affirms the findings of guilty and only so much of the sentence as provides for bad-conduct discharge (suspended for six months effective 13 February 1976, with provision for automatic remission), confinement at hard labor for two months, reduc-

tion to the grade of Private E–1, and forfeiture of $100.00 pay per month for six months.

Senior Judge JONES concurs.

Judge FELDER absent.

---

**2.** An "application" of forfeitures is no more than a bookkeeping entry designed to withhold the funds and assure collection of the forfei-

tures when the time comes to execute the sentence. *See United States v. Smith*, 3 U.S.C. M.A. 336, 340, 12 C.M.R. 92, 96 (1953).